IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BYUNG M. JANG, | § | CASE NO. 12-41821 |
| | § | (Chapter 7) |
| DEBTOR | § | |

**MOTION TO ENFORCE ORDER DIRECTING TURNOVER
OF PROERTY OF THE ESTATE AND TO SET A HEARING FOR DEBTOR
TO SHOW CAUSE FOR FAILURE TO COMPLY WITH COURT ORDER**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY ONE (21) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH REQUESTS FOR HEARING.  THE COURT WILL THEREAFTER SET A HEARING.  IF NO RESPONSE IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.  THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

**TO THE HONORABLE BRENDA T. RHOADES, U. S. BANKRUPTCY JUDGE:**

Christopher J. Moser, Trustee ("Trustee") files his Motion to Enforce Order Directing Turnover of Property of the Estate and to Set a Hearing for Debtor to Show Cause for Failure to Comply with Court Order ("Motion") as follows:

1. On July 2, 2012 (the "Date of Bankruptcy"), Byung M. Jang ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. The Trustee is the duly appointed and acting Chapter 7 trustee of the Debtor's bankruptcy estate.

3. On September 11, 2012, the Court entered an Order Directing Turnover of Property of the Estate (the "Order"). Pursuant to the Order, the Debtor was directed to pay the Trustee the amount of $6,563.81.

4. Despite several calls and emails by the Trustee to Debtor's counsel, the Debtor has ignored the Order.

### **Enforcement of the Order §105(a)**

5. Trustee therefore seeks the assistance of the Court in enforcing the Order and obtaining the turnover of $6,563.81 or a surcharge of Debtor's exempt property to the extent of $6,563.81.

6. Pursuant to §105(a), the Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of Title 11. In that regard, the Trustee requests this Court to set a set a show cause hearing to determine if the Debtor should be held in contempt of Court and/or sanctioned for failing to abide by this Court's Order.

7. Trustee further seeks this Court's assistance in issuing any appropriate order to compel the Debtor to comply with the Order.

### **Request to Surcharge Exemptions**

8. The Court has authority to deny a debtor's claim of exemption pursuant to 11 U.S.C. §105(a) where doing so avoids abuse of the bankruptcy process. *Malley v. Agin, Trustee;* _ F.3d _, 2012 WL 3326629 (1st Cir. 2012); *Latman V. Burdette,* 366 F.3d 774 (9th Cir. 2004); *In re Onubah,* 375 B.R. 549 (9th Cir. BAP 2007); *In re Scrivner,* 370 B.R. 346 (10th Cir. BAP 2007).

9. Specifically, the Court may equitably surcharge a debtor's statutory exemption when the debtor has failed to schedule or turnover assets that are property of the estate. *In re Koss,* 319 B.R. 317 (Bankruptcy. D. Mass. 2005). Surcharging a debtor's exempt property when the debtor has failed to turnover non-exempt estate property pursuant to a court order prevents the inequitable result of allowing the debtor to shelter more assets than permitted under the Bankruptcy Code. *Latman v. Burdette* at 776. Issuing a surcharge order pursuant to §105(a) does not abuse the court's authority

granted under the Bankruptcy Code, but rather augments those obligations found elsewhere in the Code. *In re Schrivner* at 352.

10. Additionally, the Court may also award the Trustee costs and fees, including reasonable attorney's fees, associated with the Trustee's liquidation of a debtor's surcharged exempt asset. *Id.* at 354. Because the goal of surcharging a debtor's exemption is to make the bankruptcy estate whole for the debtor's failure to turnover property of the estate, the estate should be in the same position had the debtor timely complied. *Id.*

11. In the instant case, Trustee seeks authority to surcharge the Debtor's exemptions for failing to turnover $6,563.81 of non-exempt cash which is property of the bankruptcy estate. Surcharging the Debtor's exemptions will ensure the Debtor's compliance with 11 U.S.C. §542 and will also allow the Debtor to shelter only the appropriate amount of assets allowed under the Bankruptcy Code. Accordingly, Trustee seeks authority to surcharge the Debtor's non-exempt assets by the amount of $6,563.81.

**WHEREFORE, PREMISES CONSIDERED,** the Trustee prays that this Court set a show cause hearing to determine whether the Debtor should be held in contempt of court, that this Court allow the Trustee to surcharge the Debtor's exempt property for in the amount of $6,563.81and that Trustee be granted such other and further relief, at law or in equity, to which the he may be justly entitled.

Respectfully submitted,
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201-4240
Telephone: (214) 871-2100
Facsimile: (214) 871-2111

By:   */s/ Christopher J. Moser*
      Christopher J. Moser
ATTORNEYS FOR TRUSTEE

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Motion has been served via regular U.S. mail, postage prepaid on this 20th day of September, 2012 upon the following:

Richard D. Kincade, Esq.
2121 W. Airport Freeway, Suite 400
Irving, Texas 75062

Byung M. Jang
1928 Crawford
Carrollton, Texas 75010

Office of the U.S. Trustee
110 N. College Ave., Suite 300
Tyler, Texas 75702

        */s/ Christopher J. Moser*